**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0079-22

JOSHUA LEVINE, on behalf
of himself and others similarly
situated,

     Plaintiff-Appellant,

v.

ACUATIVE CORPORATION
and VINCE SCIARRA,
individually,

     Defendants-Respondents.

_____

Argued November 14, 2023 – Decided January 12, 2024

Before Judges Mayer, Enright and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2756-20.

William M. Goldberg argued the cause for appellant.

Phillip G. Ray argued the cause for respondents (Kluger Healey, LLC, attorneys; William Henry Healey and Phillip G. Ray, on the brief).

PER CURIAM

Plaintiff Joshua Levine appeals from an August 5, 2022 order granting defendants' Acuative Corp. (Acuative) and Vincent Sciarra (Sciarra) motion for summary judgment and dismissing plaintiff's complaint against defendants with prejudice. We affirm.

I.

We glean the facts from the motion record. On November 16, 2016, plaintiff signed Acuative's Offer Letter (OL) for the position of "Senior V[ice] P[resident] of Sales & Marketing." The OL provided: "[t]his letter sets forth the terms and conditions of the employment offer, and your signature below will signify your understanding of an agreement to the terms and conditions contained herein." The OL contained an "additional benefits clause" providing:

> You will be considered a key employee, as such you will be entitled to additional benefits such as stock options and or other such equity programs. Currently Acuative does not have these program[s] however an agreement can be structured over the next [ninety] days that will give you upside on growing company value. The intent is to have you participate in personal gain based on the increase of company value. There may also be an opportunity to "buy in" if the company recapitalizes. In the event the company is sold and the sale was as a direct result of you securing the buyer you will be entitled to a transaction fee.

Moreover, the OL provided:

A-0079-22

> The terms and conditions of employment, including this and any subsequent agreement, may be modified only by written agreement signed by the CEO [of] Acuative.

Plaintiff served as Acuative's Senior Vice President from December 2016 until his resignation in December 2018.

On September 14, 2020, plaintiff filed a class action complaint[1] against defendants for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) an award of punitive damages; (4) violation of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. §§ 56:8-1 to -20[2]; and (5) common law fraud. Plaintiff alleged that defendants breached the "additional benefits clause."

At the close of discovery, defendants moved for summary judgment. The motion judge heard the parties' arguments on August 5, 2022, and made the following factual findings and legal determinations:

> [Here, the OL] says that something can be worked out in [ninety] days. The 2016 [OL] says that [plaintiff] will be considered a key employee and entitled to additional benefits such as stock options and/or other such equity plans.

---

[1] On January 4, 2022, the parties entered into a consent order dismissing with prejudice "Count One of the Complaint (Class Action Allegations)."

[2] On January 8, 2021, plaintiff's CFA claim was dismissed for failure to state a claim upon which relief can be granted. R. 4:6-2(e). The dismissal is not on appeal.

A-0079-22

It's not even firm that it would be a stock option, and it is very clear that those programs don't exist.

So I find that it is not an enforceable part of this agreement, the stock option part.

Even if [the stock option provision] were enforceable, there's no basis to calculate whether or not there have been any damages and it's going to be the plaintiff's burden.

The defendant has an expert, and the defendant's expert is going to say that [plaintiff] would have lost money on the stock option. But again, it is the plaintiff's burden, and the plaintiff needs an expert to be able to establish that there would have been a loss.

And also, in the absence of the stock option, we don't even know what the terms of that would be.

. . . .

So the plaintiff is not going to be entitled to, number one, an enforceable contract for the additional compensation or stock options because they are illusory and unenforceable, and even if they were not, [plaintiff] would never be able to establish damages without an expert.

The motion judge entered an order granting defendants' motion for summary judgment.

II.

4

A-0079-22

On appeal, plaintiff argues the motion judge erred in: (1) finding the parties' contract, as to "stock options and/or other such equity plans," was illusory and unenforceable; (2) denying him a trial on the issue of damages and requiring him to have an expert to prove damages; and (3) dismissing his claim for breach of the implied covenant of good faith and fair dealing.

We review the grant of summary judgment de novo, applying the same legal standards as the trial court. Green v. Monmouth University, 237 N.J. 516, 529 (2019).

> The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.
>
> [R. 4:46-2(c).]

"If there is no genuine issue of material fact, we must then decide whether the trial court correctly interpreted the law." DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citations

5

omitted). We review issues of law de novo and accord no deference to the trial judge's conclusions of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

Here, plaintiff has not argued that summary judgment was erroneously granted because there are material facts in dispute. Instead, he argues the judge made the following errors of law: (1) incorrectly interpreting the OL; (2) finding no basis to measure damages and requiring an expert to prove damages; and (3) barring plaintiff's claim for the breach of the implied duty of good faith and fair dealing.

Having considered plaintiff's arguments applying the summary judgment standard, we are convinced that defendants are entitled to a judgment as a matter of law.

### A.

Plaintiff contends the motion judge incorrectly deemed the parties' "additional benefits" clause illusory because "[Acuative] did not have the right to ignore its obligation . . ." to provide plaintiff a "plan of equity . . . within [ninety] days after the commencement of [appellant's] employment."

"Under general principles of contract law, an agreement[] . . . based only upon an illusory promise is unenforceable." Jaworski v. Ernst & Young US LLP, 441 N.J. Super. 464, 477 (App. Div. 2015). "An illusory promise has been

A-0079-22

defined as a 'promise which by its terms make performance entirely optional with the promisor whatever may happen, or whatever course of conduct in other respects he may pursue.'" Ibid. (citing Bryant v. City of Atlantic City, 309 N.J. Super. 596, 620-21 (App. Div. 1998) (alterations in original omitted) (quoting Restatement (Second) of Contracts, § 2, cmt. e (1979))). "Hence, an illusory promise is one in which the 'promisor has committed himself not at all.'" Bryant, 309 N.J. Super. at 620 (quoting J.D. Calamari and Joseph M. Perillo, Contracts, § 4-17 at 159 (2d ed.1977)). Where "performance of an apparent promise is entirely optional with a promisor, the promise is deemed illusory." Ibid. "In general, our courts should seek to avoid interpreting a contract such that it is deemed illusory." Id. at 621 (citing Russell v. Princeton Lab, Inc., 50 N.J. 30, 38 (1967); Nolan v. Control Data Corp., 243 N.J. Super. 420, 431 (App. Div. 1990)).

Here, the "additional benefits clause" stated plaintiff:

> w[ould] be considered a key employee, as such [he] w[ould] be entitled to additional benefits such as stock options and or other such equity programs. Currently Acuative does not have these program[s] however an agreement can be structured over the next [ninety] days that w[ould] give you upside on growing company value.

7

Plaintiff focuses on the word "entitled," and argues "a plan of equity [was] not optional, or even ambiguous. . . . [he] was 'entitled' to these benefits." He argues defendant has no "right to ignore its obligations."

Defendant argues "that a stock option plan did not exist[;] . . . . [t]here are . . . no terms expressing what the stock option plan would entail[;] . . . . the language does not state that the stock option plan would be structured, but that it could be structured[;] . . . . [and] there was no promise of any express, essential term that can ever be enforced."

Despite our general charge, "to avoid interpreting a contract such that it is deemed illusory," id. at 621, we are convinced the OL's reference to "stock options or other such equity programs" is just that. The clause states "[c]urrently Acuative does not have these program[s]." Therefore, plaintiff is not "entitled" to the benefit of a current program.

Rather, plaintiff seeks to be "entitled" to a future program. However, in that respect, the OL provides that "an agreement can be structured." The language of the clause undermines plaintiff's position because it does not provide a program will be structured, but merely that it "can be," in other words—it is possible. Therefore, Acuative "has committed [it]self not at all." Id. at 620.

8

Moreover, the lack of detail in the clause leads us to conclude it is illusory. For instance, the clause vaguely provides "additional benefits such as stock options and or other such equity programs." The clause does not define with any particularity what "additional benefits" could be forthcoming, and, instead, loosely provides examples of what Acuative may, at its discretion, structure. See Jaworski, 441 N.J. Super. at 477.

We are convinced the "additional benefits clause" is illusory and, therefore, unenforceable.

B.

To prevail on claims for breach of contract, Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016); common law fraud, Banco Popular N. Am. v. Gandi, 184 N.J. 161, 260 (2005); and breach of the implied covenant of good faith and fair dealing, Sons of Thunder v. Borden, Inc., 148 N.J. 396, 425-26 (1997); plaintiff must establish damages. Plaintiff has failed to do so.

First, the motion judge determined "even if [the stock option provision] were enforceable, there [was] no basis to calculate whether or not there have been any damages . . . ." We agree.

The lack of a basis to measure damages goes to the illusory nature of the clause. In other words, there is no basis to measure "additional benefits such as

9

stock options and or other such equity programs" when they have not been defined. Indeed, plaintiff acknowledges it "does not (and cannot) rely on the components of a 'Plan' that he never received, (and does not exist)."

Instead, plaintiff avers that he "intends to rely on the fair value of the services he rendered to Acuative during the period of his employment, based on his oral understanding with Sciarra, as to the dollar value of the 'equity' he would receive by joining the [c]ompany." However, such an approach is unavailing. Initially, any oral understanding prior to plaintiff "joining the [c]ompany" preceded plaintiff's execution of the OL. The OL "set[] forth the terms and conditions of the employment offer . . . ." The OL's "additional benefits" clause was silent as to any actual valuation of the "additional benefits such as stock options . . . or other such equity programs."

Moreover, the OL permitted "[t]he terms and conditions of employment, including this and any subsequent agreement, [to] be modified only by written agreement . . . ." Therefore, to the extent plaintiff relies on conversations that occurred after he executed the OL, they would be unavailing because plaintiff has not produced any writing establishing an agreement as to valuation.

Further, we note that the "additional benefits clause" refers to plaintiff's ability to "participate in personal gain on the increase of company value." We

10

reject the argument that plaintiff's measure of his "fair value of . . . services" equates to an "increase of company value." Even if plaintiff worked more than seven hours per day five days per week, such efforts would not necessarily translate into an increase in the value of the company.

Second, the motion judge determined that "plaintiff needs an expert to be able to establish that there would have been a loss." We find no abuse of discretion in the motion judge's determination that plaintiff requires an expert to establish damages. "The necessity for, or propriety of, the admission of expert testimony, and the competence of such testimony, are judgments within the discretion of the trial court." State v. Zola, 112 N.J. 384, 414 (1988).

"[V]aluation disputes . . . frequently become battles between experts." Balsamides v. Protemeen Chmes., 160 N.J. 352, 368 (1999). "It is fundamental that a plaintiff must 'prove damages with such certainty as the nature of the case may permit, laying a foundation which will enable the trier of facts to make a fair and reasonable estimate.'" Kelly v. Berlin, 300 N.J. Super. 256, 258 (App. Div. 1997) (quoting Lane v. Oil Delivery, Inc., 216 N.J. Super. 413, 420 (App. Div. 1987)). "Conjecture and speculation cannot be used as a basis for damages." Brach Eichler, Rosenberg & Gladstone, P.C. v. Ezekwo, 345 N.J. Super. 1, 11 (App. Div. 2001) (citing Lesniak v. Cnty. of Bergen, 117 N.J. 12,

21 (1989)). "Thus, in general, '[a] jury should not be allowed to speculate without the aid of expert testimony in an area where laypersons could not be expected to have sufficient knowledge or experience.'" Kelly, 300 N.J. Super. at 268.

Therefore, we conclude plaintiff is unable to satisfy his burden that he has sustained damages because any damages are immeasurable and would require expert support. Thus, his claims for breach of contract; common law fraud; and breach of the implied covenant of good faith and fair dealing all fail, allowing for the grant of summary judgment.

## C.

Plaintiff contends the motion judge erred by not permitting his claim for the breach of the implied duty of good faith and fair dealing to proceed.[3]

Plaintiff cites Sons of Thunder, 148 N.J. at 420, for the proposition "that in every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other to receive the fruits of the contract . . . ." Moreover, he argues "damages for the breach of the implied covenant of good faith performance and fair dealing may

---

[3]  As discussed, we conclude that plaintiff's claim for this alleged breach fails because he cannot establish damages. We address this additional argument for completeness.

A-0079-22

be recovered for the 'expectations' which a party 'anticipated under the contract[,]'" citing Noye v. Hoffman-LaRoche, Inc., 238 N.J. Super. 430, 437 (App. Div. 1990).

Plaintiff relies on the implied covenant claim to overcome the illusory "additional benefits clause." Plaintiff's argument is misguided. The implied covenant of good faith and fair dealing does not transform unenforceable illusory promises into contract terms. Instead, the implied covenant ensures a contracting party that the other contracting party will not "do anything which will have the effect of destroying or injuring the[ir] right . . . to receive the fruits of the contract." Id. at 420. Here, plaintiff has no right to receive the "additional benefits" because they are illusory and unenforceable. The implied covenant, therefore, is inapplicable to the "additional benefits" clause.

To the extent we have not addressed plaintiff's other arguments, we deem them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0079-22